3 So.2d 140

**PETERS v. STATE.**

**8 Div. 16.**

Court of Appeals of Alabama.

May 20, 1941.

Rehearing Denied June 10, 1941.

Fred S. Parnell, of Florence, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon an indictment which charged this appellant, defendant below, with the offense of an assault and battery with a weapon upon Lewis Williams, the jury returned a verdict of guilty as charged, and assessed a fine against the defendant of $250. Failing to pay the fine and costs, or to confess judgment therefor, the court duly sentenced the defendant to hard labor for the county for a period of 90 days to pay the fine; and to 96 days to pay the costs of the proceedings. The court also sentenced him to 90 days' hard labor as additional punishment for said offense.

As to the attendant facts, it is without dispute that upon the occasion in question, Lewis Williams, the alleged injured party, was grievously and seriously wounded by this appellant. Williams testified that the injury was caused by defendant having hit him with a brick which he, defendant, violently and with great force threw at him, hitting him in the face and shattering his mouth and cheek bone and otherwise injuring him. It appears from the evidence that the two men were on bad terms with each other as the result of the alleged intimacy between the defendant and Williams' wife. The testimony of the injured party tended to show that the assault upon him by defendant was wholly unprovoked and that he, Williams, made no attempt to hit or strike defendant, and that after he was struck so seriously with the brick he ran to a house of a friend nearby and defendant ran after him trying to catch him. In this connection, Williams testified:

"I did not know Frank was out there until he spoke. He was ten or twelve feet from me. It was not very dark. He came from one end of the house and my wife from the other. I didn't know he was there until he spoke. When I looked around he hit me. I didn't have anything in my hand when he hit me. After he hit me I ran up the path to Miss Florence's. It shattered my cheek bone where he hit me. He followed me up to Miss Florence's; when I got to Miss Florence's she was at home and her daughter Nadine was there. When I

got to the house Frank was right behind me. When I went in the house he jumped on the porch and said, 'You'd better get in there. If I had caught you I would have killed you.' They let me in the house and fastened him out. That yellow woman over there is my wife. She was oustide my house when Frank hit me."

Frank Peters (defendant) testified as a witness in his own behalf, and contradicted practically everything Williams had testified to against him. He claimed he hit Lewis with his, Lewis', gun, and his testimony throughout tended to show that the injury upon Williams was inflicted in self defense.

█ The defendant requested a number of special written charges, among which was the general affirmative charge. The conflict in the testimony rendered the affirmative charge inapt, and justified the trial court in refusing same.

The few exceptions to the court's rulings upon the admission of the evidence were so clearly without merit there appears no necessity to discuss the rulings complained of in detail.

█ Pending the entire trial, no error of a reversible nature was committed. The record being regular and without apparent error, it is ordered that the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

SIMPSON, J., not sitting.